UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER,<br><br>  Plaintiff,<br><br>  v.<br><br>SAM HOLLISON, et al.,<br><br>  Defendants. | No. 2:21-cv-1700 KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court

each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

Plaintiff alleges that defendant Hollison came into plaintiff's cell on June 12, 2021, got on top of plaintiff's back and sexually assaulted plaintiff, penetrating his anus with two fingers, and told plaintiff if he screamed, Hollison would beat plaintiff's face in with defendant's baton. Plaintiff claims that he was not provided a rape or PREA[1] exam, and that his sexual assault report was ignored by Hollison's supervisors, including Lt. Cochran and the Warden of Mule Creek State Prison; plaintiff marked the box "retaliation."  (ECF No. 1 at 4.)  Plaintiff seeks to have all defendants fired, and their paychecks and retirement pay be given to plaintiff.  (ECF No. 1 at 6.) Plaintiff names as defendants S. Hollison, I. Salinovich; J. Alardo, and J. Bordewick.

Discussion

The court reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a potentially cognizable Eighth Amendment claim against defendant Hollison.[2]  See 28 U.S.C. § 1915A.

For the reasons stated below, the court finds that the complaint does not state a cognizable claim against the remaining defendants.  The claims against those defendants are hereby dismissed with leave to amend.

Plaintiff's complaint includes no charging allegations as to named defendants I. Salinovich, J. Alardo, and J. Bordewick.  In his complaint, plaintiff mentions B. Cochran and the warden, but those individuals are not named as defendants.  Plaintiff is advised that all named

---

[1] The Prison Rape Elimination Act is known as "PREA."  42 U.S.C. § 15601 et seq.

[2] A viable sexual assault claim is established if the inmate can prove that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.  Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020)

defendants must be included in the caption and in the defendants' section of his pleading.  Fed. R. Civ. P. 10(a).

Also, it appears unlikely plaintiff can amend his complaint to sue Hollison's supervisors or the warden.  Supervisory officials are not liable under § 1983 for the actions of their subordinates "on any theory of vicarious liability."  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citation omitted).

To state a claim under § 1983, a plaintiff must allege:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  In sum, plaintiff must identify the particular person or persons who violated his rights, and set forth specific factual allegations as to how such person violated plaintiff's rights.

The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  However, plaintiff has no stand-alone due process rights related to the administrative grievance process.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated because defendant failed to properly process grievances).  "Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances."  Daniels v. Aguillera, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018).  In other words, ignoring plaintiff's complaints does not state a federal due process claim.

Similarly, the PREA does not give rise to a privately enforceable cause of action on its own or under Section 1983.  Blessing v. Freestone, 520 U.S. 329, 340 (1998) (§ 1983 litigant

"must assert the violation of a federal *right*, not merely a violation of federal law"); <u>Bell v. County of Los Angeles</u>, 2008 WL 4375768 at *6 (C.D. Cal. 2008) ("Plaintiff has no claim under the Prison Rape Elimination Act; the Act does not create a private right of action").

Finally, plaintiff alleges no facts demonstrating that a named defendant retaliated against plaintiff based on plaintiff's protected conduct. In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See <u>Barnett v. Centoni</u>, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995); <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See <u>Rhodes v. Robinson</u>, 408 F.3d 559, 569 (9th Cir. 2005). Thus, in order to state a claim for retaliation, plaintiff must allege facts demonstrating each of the following: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See <u>Rhodes</u>, 408 F.3d at 568.

<u>Plaintiff's Options</u>

Plaintiff may proceed forthwith to serve defendant Hollison and pursue his claims against only that defendant or he may delay serving any defendant and attempt to state a cognizable claim against the remaining defendants.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the remaining defendants, he has thirty days in which to do so. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendant Hollison, against whom he stated a cognizable claim for relief, then within thirty days he must return the appended Notice of Election form. In this event the court will construe plaintiff's election as consent to dismissal of

all claims against the remaining defendants without prejudice.

If plaintiff elects to file a proposed amended complaint, he is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Plaintiff is cautioned that in his amended complaint he may only include claims related to his Eighth Amendment claim against defendant Hollison. A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Duffy, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed.

R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

1  Director of the California Department of Corrections and Rehabilitation filed concurrently
2  herewith.

3  3. Claims against defendants Salinovich, Alardo and Bordewick are dismissed with leave
4  to amend. Within thirty days of service of this order, plaintiff may amend his complaint to
5  attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his
6  complaint.

7  4. The allegations in the pleading are sufficient to state a potentially cognizable claim
8  against defendant Hollison. See 28 U.S.C. § 1915A. If plaintiff chooses to proceed forthwith as
9  to defendant Hollison, the court will order service under the Court's E-Service pilot program for
10 civil rights cases for the Eastern District of California. Defendant Hollison will be required to
11 respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this
12 event, the court will construe plaintiff's election to proceed forthwith as consent to an order
13 dismissing his defective claims against defendants Salinovich, Alardo and Bordewick without
14 prejudice.

15  5. Failure to comply with this order may result in a recommendation that this action be
16 dismissed.

17 Dated: September 22, 2021

19 /mill1700.14o

             KENDALL J. NEWMAN
             UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER,<br><br>  Plaintiff,<br><br>  v.<br><br>SAM HOLLISON, et al.,<br><br>  Defendants. | No.  2:21-cv-1700 KJN P<br><br>NOTICE OF ELECTION |

Plaintiff submits the following documents in compliance with the court's order filed _____.

\_\_\_\_\_ Plaintiff chooses to proceed as to defendant Hollison, and consents to the dismissal of defendants I. Salinovich, J. Alardo, and J. Bordewick without prejudice.

**OR**

\_\_\_\_\_ Plaintiff opts to file an amended complaint and delay service of process; a proposed amended complaint is appended.

DATED:

_____
Plaintiff